JAMES G. FARR ET AL., PLAINTIFFS IN ERROR, v. JOSEPH C. DAY ET EL., DEFENDANTS IN ERROR.

A sheriff was about to sell personal property under executions. It was agreed by the parties to the writs and the landlord of the premises on which the property was that the rent due the latter from the defendants in execution for the premises should be paid out of the proceeds of the sale. *Held*, that the sheriff was liable to an execution creditor whose writ did not come to his hands until after the sale, for no more than the surplus remaining after paying the executions under which the sale was made, and the rent.

---

Error to Camden Circuit Court.

For the plaintiffs in error, *C. V. D. Joline.*

For the defendants in error, *D. J. Pancoast.*

Farr v. Day.

The opinion of the court was delivered by

THE CHANCELLOR.    This writ of error is brought by Marshall G. Kinney, Jr., to bring up for review two orders of the Circuit Court of Camden county, one directing the sheriff to bring into court the surplus of money raised by him upon sale of property under executions, and the other making distribution of that money.    When the sale was made, Kinney's execution was not in the sheriff's hands; his judgment had not then been recovered.    At the time of the sale there were $2600 rent due from the judgment debtors to the landlord of the premises sold under the execution.    It was agreed at the sale, between the execution creditors and debtors and the landlord, that the rent should be paid out of the proceeds of the sale.    The property was struck off at $7050, of which $2600 were paid by the purchaser to the landlord and were never received by the sheriff, but the balance only, $4450, was paid to him.    Out of this money he paid off the executions in his hands, and there remained a surplus of $762.72. Kinney insists that the sheriff should be held liable for the $2600.    The defendants in execution were entitled to the proceeds of the sale remaining after paying the executions in the sheriff's hands, and they had a right to dispose of them. They did so effectually as to the $2600, by the agreement that the purchaser should pay the money to the landlord in satisfaction of their debt.    The order for the payment of the surplus into court specifies the amount of it as $762.72.    There is no error in it, and it should therefore be affirmed.

The order of distribution is before this court irregularly, and there is no evidence before us on which we can decide the question raised in reference to it.    The writ should be dismissed so far as that order is concerned.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON, WHITAKER.    14.

*For reversal*—None.